The opinion of the Court was delivered by
Duncan J.
The plaintiff- claims under a warrant to John Agnew, of 13th September, 1774, and a survey by the deputy surveyor, on 19th May, 1789. The warrant is for 100 acres, adjoining some improvements made by William Hayes, on the south side of Sideling Hill, on Campbell’s Run, Rye township, Cumberland county. The survey was not returned; the warrant was taken out by John Agnew, in trust for Sarák Wilson, whose heir the plaintiff is.
The defendant claims under a settlement made in March, *477 1810, on which a warrant was taken out by Frederick Ml Cooskey, on the 6thFebruary, 1812,and a survey of the6th March, 1812, returned in dispute with Jane Smith. The settler, before he had made his settlement, had actual notice of this survey. Did it rest here, as the warrant of John Agnew describes the land with reasonable certainty, and as it was actually surveyed, and notice of süch survey given, before inception of the de-. fendants title, the plaintiff would be entitled to recover; but the case from the evidence given by both parties, assumed a totally different aspect; for it appeared, that about 1770, some improvements had been made for Sarah Wilson, on another tract adjoining William Hayes; which tract is des* cribed with reasonable certainty, by the warrant of John Agnew ; though it might with more precision describe the land in dispute, yet it was sufficiently descriptive of the land; that constantly from the time of this improvement, Sarah Wilson, and those claiming under her, have occupied that tract, and do now occupy it; that on the warrant of John Agnew, a survey of this tract was made by Mathew Henderson, the assistant of John Armstrong, the deputy surveyor of Cumberland county, on the 13th November, 1775; an official survey, remaining in the office of the surveyor of the-district.
In the conveyance from John Agnew to Sarah Wilson which transfers this-warrant, and another warrant of the 11th August,1805, for 105 acr.es, adjoining William Hayes, in the habendum, it is, to have and to hold the above described tracts of land with the improvements thereon. It is to be observed, that this conveyance, is without witnesses, and without date, and is in the hand writing of John Agnew; it would appear, that this deed was not perfected, but was intended, when it should be delivered, to be attested by subscribing witnesses, and the date inserted.
The will of John Agnew, of the 3d April, 1790, in which he devises these lands to Sarah Wilson, describes.it as a tract of land then in possession of Thomas Fleming. The evidence was, that Thomas Fleming, at that time, lived on the tract surveyed by Matthew Henderson, as the tenant of Sarah Wilson. The first presumption certainly is, that the warrant was taken out for the lands improved for Sarah Wilson ; but this amounts to demonstration, when the warrant does de^ scribe the improved land, and when, in little more than one year, it is actually surveyed on the lands improved, and when. *478 possession, is. continued and no complaint that the survey was improperly made for 14 years, and no call for another survey during all that, time; the prima facie evidence,.that the survey was made by consent of the owner, becomes positive evidence of the fact. It never can. be, that the party can renew his warrant at pleasure, and say at the end of 14 years,. I will hold this tract by improvement, and I will remove my survey to another tract; for if it be so, this warrant may again be removed, as there is no return of either survey; and if Sarah Wilson, had made a settlement on the tract in dispute, she might claim it under such settlement, and renew her warrant again. This floating, moveable right, would, on the principles contended for, never, be fixed or permament, but might again and again be put in motion, as the interest of its owner might direct its movements. Such fluctuating, capricious, itinerant rights, are unknown to the. law.
The Court did not then err in their charge to the jury, in the manner in which they laid down the law, as applicable to this case. The survey made by. Samuel Lyon, on the warrant in 1789, was made without any authority; the warrant was functus oficio, and the survey void. Cases may exist, where a. surveyor, without order of the board of property, or direction of. the surveyor general, may make an addition, or even a new survey ; decisions are to be found to this effect; but they all depend on special circumstances, and this ingredient will be found in all of them, that the first survey was made by mistake of the surveyor or owner, or by fraud of the surveyor'; that complaint was made as soon as the discovery was made; by mistake, as including the lands held by another, or prior right, or not including the full quantity; by fraud, as made against, or without the consent of the owner; the complaint early, made, and the mistake rectified in some reasonable and convenient time. But these decisions have no application to a case circumstanced as this was; the land remained open to settlers, and purchasers from the Commonwealth; the vacant, unappropriated lands of the State, after the survey of 1775. There was no legal title under the warrant of John Agnew, nor spark of equity, the notice of which could affect the defendant; the notice of the survey of 1789, void as it was considered by the Court to be, was immaterial; notice of a void act cannot give it validity; notice is only material of some valid act. A man by giving no *479 tice of an act void in itself, and which act confers no title, either in law or equity, cannot prevent others from purchasing that, which is not appropriated to another. One having this notice, the conscience is not affected by such notice, nor is it against conscience for any other to acquire a title. In Wilson v. Mason, (Supreme Court of the United States,) 1 Cranch, 100, the effect of such notice was under consideration; the Court decided, that a caveat may be considered as in the nature of an equitable action, and be evidence, that Wilson had express notice of Mason’s survey, and the counsel for Mason insisted, that Wilson having notice, he was unable to acquire title to the land appropriated by the survey of Mason; this, observes the Court, would be true if the survey gave to Mason, title, either in law or equity; but if a survey without an entry was no appropriation, it gave no title; there the notice of the survey could not create a title. The doctrine of notice is well established ; he who acquires a legal title, having notice of the prior equity of another, becomes a trustee for that other, to the extent of his equity; but if he has no equity, then there is nothing for which the purchaser of a legal estate can be the trustee. With respect to the opinion of the Court, as to the mode and the person by whom the notice was given, this could not affect the merits of the case. The survey not being barely irregular, where notice most affected, but void ab initio, in which case notice cannot in any way be material, or affect the conscience of any man.
Judgment affirmed.